(C.D. 3408)

INTER MARITIME FWDG. CO., INC.   v.   UNITED STATES

United States Customs Court, Second Division

(Decided on rehearing [C.D. 3030] April 17, 1968)

*Allerton deC. Tompkins* for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General (*S. William Barr, Alfred A. Taylor, Jr.*, and *Steven R. Sosnov*, trial attorneys), for the defendant.

Ford, Judge: The above protest was overruled without affirming the collector's classification in *Inter Maritime Fwdg. Co., Inc.* v. *United States*, 58 Cust. Ct. 507, C.D. 3030. The decision therein held an item described on the invoice as a "Kolbus Bookbinders Rotary Board Cutter" was not properly subject to classification as an article having as an essential feature an electrical element or device as provided for under paragraph 353, Tariff Act of 1930, as classified by the collector of customs. The record, however, failed to establish the type of electric motor imported with the machine, i.e., general purpose or one specifically designed for use with the machine. Accordingly, under the principles set forth in *Arnhold Ceramics, Inc.* v. *United States*, 56 Cust. Ct. 416, C.D. 2668, the protest was overruled.

Plaintiff moved for a rehearing which was duly granted, and the matter placed on the calendar for further evidence. Additional testimony of Mr. Finlayson was adduced at this hearing with respect to the type of motor imported with the machine. Mr. Finlayson, a machinist, who had previously appeared as a witness on behalf of plaintiff at the original hearing, testified that the electric motor involved herein was a two horsepower motor which could drive any machine. He was not, however, aware of whether the motor was specially designed for the machine, whether it had any internal fans for cooling, nor was he conversant with a number of terms applicable for electric motors, synchronous, nonsynchronous, torque, split phase, or polyphase. The witness did, however, testify that the pulley was permanently affixed to the motor.

Based upon the additional evidence adduced, the court is still unaware of whether the motor for the Kolbus machine is of a general purpose type or one specially designed for the imported machine. The witness' statement that the motor will run any machine standing alone is insufficient to satisfy the proof necessary under the circumstances involved herein. His unfamiliarity with terms relating to motors and the fact that he was unaware of whether the motor was specially designed for the imported machine evidences his lack of qualifications and personal information relative to the motors. Testimony by a qualified witness who could affirmatively testify as to the specifications and design of the motor or had actual knowledge of whether the motor was either specially designed or was a general purpose motor is a prerequisite in order for the court to determine classification of the involved motor.

Since such evidence is still lacking, the court has no alternative but to affirm its original opinion.

Judgment will be entered accordingly.